UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMBER N. SHARPE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:20-cv-00122 |
| CORECIVIC OF TENNESSEE, LLC, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Amber Sharpe brought this action against her former employer, CoreCivic of Tennessee, LLC ("CoreCivic"), claiming, among other things, that it committed the Tennessee common law tort of intentional infliction of emotional distress. Before the Court is CoreCivic's Partial Motion to Dismiss Amended Complaint (Doc. No. 21) solely as to Sharpe's intentional infliction of emotional distress claim (Count VII). This matter is fully briefed and ripe for decision. (Doc. Nos. 22, 24, 25.) For the following reasons, CoreCivic's motion will be granted.

Because the Court is considering this matter on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), it must accept all of the Amended Complaint's factual allegations as true, draw all reasonable inferences in Sharpe's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018) (citing Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). "Yet, to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." Eidson v. State of Tenn. Dept. of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007) (citation omitted). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id.

The Amended Complaint[1] alleges that while Sharpe worked as a Correctional Officer at Trousdale Turner Correctional Facility, which is located in Hartsville, Tennessee, and is operated by CoreCivic, she was subject to "unwelcome, harassing, and sexually demeaning conduct" by other CoreCivic employees. (Compl. ¶¶ 8–11.) For example, another Correctional Officer made several unwelcome sexual advances toward Sharpe while in the presence of facility inmates, including by asking her to give her a "full body massage with oil" and moving toward her with "his right hand outstretched in a claw-like position" and asking "to see [her] bare chest." (Id. ¶¶ 12–25.) Sharpe complained about this conduct to her supervisor, but he (and by implication, CoreCivic) failed to take any remedial action in response. (Id. ¶¶ 26–28.) After Sharpe reported the sexual harassment, other employees "began a pattern of retaliatory conduct toward [her]," which the Complaint describes as follows:

> On January 10, 2019, [Sharpe] went to the office of Assistant Warden Yolanda Pittman. [Sharpe] reported to Ms. Yolanda Pittman that [she] had been sexually harassed the previous day. Ms. Pittman handed [Sharpe] a pen. After [Sharpe] accepted the pen from Ms. Pittman, Ms. Pittman stated, "I know you didn't just snatch that pen out of my hand," and "Hell no! You better get her out of here!" Ms. Pittman became verbally and physically belligerent toward [Sharpe] and had to be physically restrained by other employees to prevent her from battering [Sharpe]. Following the incident with Assistant Warden Yolanda Pittman, [Sharpe] and Ms. Pittman were placed on administrative leave. . . .
>
> When Plaintiff returned to work [on March 21, 2019], she was subjected to false rumors from inmates, including falsity that she performed sexual favors for guards and inmates.

(Id. ¶¶ 29–34.) Because these "false rumors of sexual impropriety . . . made it impossible for [Sharpe] to perform her job as correctional officer," she resigned from her employment four days after returning from administrative leave. (Id. ¶¶ 35–36.)

---

[1] For ease of reference, the Court will cite to the Amended Complaint (Doc. No. 20) as "Compl."

Based on the circumstances leading to her resignation, Sharpe brought a claim for intentional infliction of emotional distress against CoreCivic, alleging that CoreCivic's "outrageous" conduct caused her to "suffer[] emotional distress, including depression and anxiety for which [she] has received medical/therapeutic treatment." (Id. ¶¶ 52–57.) In response, CoreCivic moves to dismiss this claim arguing that Sharpe's allegations "do not meet the very high threshold for outrageousness under well-established Tennessee law[.]" (Doc. No. 22 at 1.)

To establish an intentional infliction of emotional distress claim under Tennessee law, Sharpe must sufficiently allege that CoreCivic's "conduct was (1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to" her. Rogers v. Louisville Land Co., 367 S.W.3d 196, 205 (Tenn. 2012) (citations omitted). "In describing these elements, [the Tennessee Supreme Court has] emphasized that it is not sufficient that a defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress." Lourcey v. Estate of Scarlett, 146 S.W. 3d 48, 51 (Tenn. 2004) (citation and internal quotation marks omitted). Rather, a plaintiff must "show that the defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. (citation and internal quotation marks omitted). As the foregoing suggests, "'[t]he standard for outrageous conduct is high, indeed, and cases finding conduct sufficient to support an intentional infliction of emotional distress claim are few and far between." Cossairt v. Jarrett Builders, Inc., 292 F. Supp. 3d 779, 789 (M.D. Tenn. 2018) (citing Levy v. Franks, 159 S.W.3d 66, 85 (Tenn. Ct. App. 2004)) (internal quotation marks omitted).

It is even rarer for courts to find a viable intentional infliction of emotional distress claim in employment discrimination cases. Id. at 790. Indeed, "Tennessee courts have indicated that trial

3

courts should be wary of permitting [intentional infliction of emotional distress] claims to move forward in employment discrimination cases, absent exceptional allegations." DeSoto v. Bd. of Parks and Recreation, 64 F. Supp. 3d 1070, 1095–96 (M.D. Tenn. 2014) (citing Arnett v. Domino's Pizza I, LLC, 124 S.W. 3d 529, 540 (Tenn. Ct. App. 2003)). Although "to some extent, all instances of sexual harassment can be considered outrageous[,] . . . [s]exual harassment will only support an outrageous conduct claim when the harassment alleged is especially heinous compared to other sexual harassment claims." Cossairt, 292 F. Supp. 3d at 790. "Thus, even where courts permit claims of harassment or retaliation to proceed under state and federal statutes, courts will not permit [intentional infliction of emotional distress] claims to proceed in most employment discrimination cases; this approach applies even where a defendant or its employees engaged in highly reprehensible conduct or otherwise intended to cause the plaintiff to suffer emotional distress." DeSoto, 64 F. Supp. 3d at 1096.

Here, Sharpe has alleged that she was the target of inappropriate comments and an attempted sexual assault by a coworker, CoreCivic did nothing in response to remedy this conduct, and Sharpe was subsequently retaliated against for reporting the unwanted harassment. (See Doc. No. 24 at 2.) These allegations, if proved, are certainly reprehensible and bothersome and should not be tolerated in the workplace. But "the[se] facts are, unfortunately, not atypical of the fact pattern presented in most harassment cases and 'discriminatory conduct does not automatically give rise to the imposition of liability for the intentional infliction of emotional distress.'" Briordy v. Chloe Foods Corp., No. 3:07-0295, 2008 WL 587503, at *10 (M.D. Tenn. Feb. 29, 2008) (quoting Arnett, 124 S.W. 3d at 540). Thus, even when the Court accepts Sharpe's allegations as true and draws every inference in her favor, it does not find that she plausibly alleged any

4

"outrageous" conduct as defined and required by the tort of intentional infliction of emotional distress.

For the foregoing reasons, CoreCivic's Partial Motion to Dismiss Amended Complaint (Doc. No. 21) is **GRANTED**, and Sharpe's intentional infliction of emotional distress claim (Count VII) is **DISMISSED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE